IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MALIBU MEDIA, LLC,

      Plaintiff,

v.                              CASE NO. 4:12cv337-RH/CAS

JOHN DOES 1-14,

      Defendants.

_____/

## ORDER AUTHORIZING SUBPOENAS

      The plaintiff asserts that it holds the copyright for a motion picture and that the defendants have infringed the copyright through peer-to-peer file sharing over the internet. The plaintiff does not know the defendants' identities—it has listed them as "John Doe" defendants—but asserts that it *does* know the internet-protocol or "IP" addresses of the computers used by the defendants to access the copyrighted motion picture. The plaintiff has moved for leave to serve a subpoena on the defendants' internet service providers—Comcast Cable, Cox Communications, and Embarq Corporation—requiring them to disclose the defendants' names and addresses.

The plaintiff has shown good cause for the subpoenas and has met the prerequisites in Federal Rule of Civil Procedure 26 and 17 U.S.C. § 512(h). This order authorizes the subpoenas. The plaintiff and its attorney should take note: the information obtained from the subpoenas may be used only to prosecute this copyright-infringement action in good faith. The track record of other plaintiffs and attorneys in similar cases is not good. *See*, *e.g.*, *Mick Haig Productions E.K. v. Does 1 – 670*, __ F.3d __, 2012 WL 2849378 (5th Cir. July 12, 2012).

IT IS ORDERED:

The plaintiff's motion, ECF No. 4, for leave to serve subpoenas is GRANTED IN PART. The plaintiff may cause the issuance and service of a subpoenas on Comcast Cable, Cox Communications, and Embarq Corporation that are no broader than requested in the motion and that comply in all respects with Federal Rules of Civil Procedure 26 and 45 and with 17 U.S.C. § 512(h). The burden of ensuring compliance is on the plaintiff.

SO ORDERED on August 14, 2012.

s/Robert L. Hinkle
United States District Judge